IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE UKRAINE ) | |
| IN THE MATTER OF ) | Misc. No. 06- |
| HARDWARE BASED PUBLISHING SYSTEM ) | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged customs fraud.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

>     (a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a

foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. <u>In Re Letter of Request from the Crown Prosecution Service of the United Kingdom</u>, 870 F.2d 686, 689-91 (D.C. Cir. 1989); <u>In Re Letters Rogatory from the Tokyo District, Tokyo, Japan</u>, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte</u>, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 4/4/06

*State Emblem of Ukraine*

Public Prosecution of Ukraine

GENERAL PROSECUTOR'S OFFICE OF UKRAINE

01011, Kyiv-11, Riznytska Str. 13/15                fax: (044) 290-26-03

_15_. 02.2006   No 14/2-27619-04   **Department of Justice**
**of the United States of America**
**To:   Rex Young**

Suite 800
1301 New York Ave., N.W.
Washington, D.C. 20005

**Dear Mr. Young,**

The General Prosecutor's Office of Ukraine pays its high respect to the Department of Justice of the USA and in compliance with the Agreement between the United States of America and Ukraine *On Mutual Legal Assistance in Criminal Matters*, signed on 22.07.98, applies with the following request.

The Investigation Division of the Security Service Department of Ukraine in Zhytomyr region is investigating a criminal matter No 226 initiated on the fact of smuggling of a cargo Hardware-based publishing system for preparation of the prepress originals (4 sets) through the customs frontier of Ukraine.

The need of carrying out proceedings in the territory of the USA has arisen in the course of investigation of this matter and therefore I am sending the investigatory commission with a request to organize its execution and to send the received materials at the address of the General Prosecutor's Office of Ukraine, quoting our reference number.

The General Prosecutor's Office of Ukraine assures that materials received will be used only in the process of investigation of the criminal matter and its consideration at court.

Enclosure:  on 14 pages.

Sincerely,
**Head of**
**International Law Department**           S.F. Kravchuk

By: Nishchenko B.M.           The seal of
Tel.: 288-95-58           the General Prosecutor's Office
of Ukraine

Translator of the General Prosecutor's Office of Ukraine       R. Mykytenko

# Application
# for granting legal assistance on the
# territory of the United States of America.

**It is addressed to:** the office of the international affaires of the criminally-legal administration of the USA Justice Department.

**Concerning:** an application for granting legal assistance in investigation of the criminal case initiated on fact of infringement on smuggling of goods, namely, "Hardware-based publishing system for preparation of the prepress originals" – 4 sets" in large quantity.

In accordance with the Agreement between the United States of America and Ukraine "On Mutual Legal Assistance in Criminal Cases", signed on the 22nd of July, 1998 in Kyiv, we apply for granting legal assistance by the competent US bodies.

The investigative department of the Security Service of Ukraine in Zhytomyr region investigates the case № 226, initiated on fact of infringement on smuggling of goods, namely, "Hardware-based publishing system for preparation of the prepress originals" – 4 sets" in large quantity, to all appearances of a crime, stipulated by the Article 15, part 2, Article 201, part 1 of the Criminal Code of Ukraine.

### THE INVESTIGATOR NEEDS THE FOLLOWING INFORMATION:

It is necessary to ascertain the relations between the privately owned enterprise "Texim" (fl.20, Peremogy str., 7, Zhytomyr, Ukraine) and the firm "NORTHCOTE TRADING LIMITED" (Germany, Berkenweg, 4, 15808, Gross Machnow) with the firm "Morris Industrial Corporation Ltd." (25 Greystone Majer, Lewes, USA).

For the investigator it is also essential to conduct the interrogation of the officials of the abovementioned firm.

2. Taking into consideration the fact that the prejudicial inquiry is supposed to be completed as soon as possible, the investigative body of Ukraine requests for the urgent assistance in fulfillment of the application.

In its turn the investigative body of Ukraine assures the authoritative bodies of the USA to use the obtained information exclusively for the investigation and the hearing of the present criminal case.

In the course of investigation it was found out that on the 28th of June, 2003, at the international automobile border control post "Rava – Ruska" in Lviv region, a driver of "Mercedes" truck exhibited accompanying forms for goods "Hardware-based publishing system for preparation of the prepress originals" – 4 sets" to the officials of "Rava – Ruska" customs for the customs control. According to the forms the good value was 10 024 000 grn. and it was transmitted to the firm "**NORTHCOTE TRADING LIMITED**" (Germany, Birkenweg, 4, 15808, (Gross Machnow) from the privately owned enterprise "**Texim**" (Zhytomyr, Ukraine) on the instructions of limited liability company "**Translis**" (Tomsk, Russian Federation).

According to the experts' conclusions the present sets were short of some necessary computer units and details for work in the single computer system. Moreover, the total cost of goods, estimated on the 28th of June, 2003, was 58 650 grn., including the cost of packing.

Hence, as a motive for goods transference, the customs body got the documents, which contain false data as for the good value.

### Article 201. Smuggling.

1. Smuggling, i.e. transference of produce in large quantities over the customs frontier of Ukraine, evading the customs control body, as well as illegal shift of historical and cultural values, toxic, drastic, radioactive or high explosive substances,

arms and ammunition (except of smooth-bore hunting weapon and ammunition to it), as well as smuggling of strategic raw materials which are strictly under control of legislation as for their export outside of Ukraine,-

is incurred to the lawful punishment, i.e. imprisonment from three to seven years with the confiscation of items of smuggling.

2. The same actions, committed in collusion by a group of people or a person, already convicted for offence, provided in this Article,-

are incurred to the lawful punishment, i.e. imprisonment from five to twelve years with the confiscation of items of smuggling and confiscation of property.

*Note:* Smuggling of produce is considered to be on a large scale when their cost 1 000 and more times as large as non-taxable minimum of citizens' earnings.

### THE REQUIRED ASSISTANCE

The investigator has to clarify contacts between the privately owned enterprise "Texim" (fl.20, Peremogy str., 7, Zhytomyr, Ukraine), firm "NORTHCOTE TRADING LIMITED" (Germany, Birkenweg, 4, 15808, Gross Machnow) and firm "Morris Industrial Corporation Ltd" (25 Greystone Majer, Lewes, USA). For that it is necessary to establish the identity of officials from "Morris Industrial Corporation Ltd." (25 Grewystone Majer, Lewes, USA), to interrogate them and to find out with their help in what way and on whose initiative the treaties between the abovementioned firms were signed.

### THE REQUIRED TESTIMONY

We ask to interrogate the officials from "Morris Industrial Corporation Ltd." (25 Greystone Majer, Lewes, USA) with regard to the following questions:

1. How long has the witness been working in the firm "Morris Industrial Corporation Ltd." (25 Greystone Majer, Lewes, USA)?
2. Who was the promoter and director of the firm "Morris Industrial Corporation Ltd." (25 Greystone Majer, Lewes, USA)?

3. Do the firm **"Morris Industrial Corporation Ltd."** (25 Greystone Majer, Lewes, USA) subject to foreign – economic activity?

4. Was a supply contract № 6.10 from the 18th of June, 2003, between the firm **"Morris Industrial Corporation Ltd."** (25 Greystone Majer, Lewes, USA) and the limited liability company **"Translis"** (Tomsk, Russian Federation) for the delivery of computer equipment, namely "Hardware-based publishing system for preparation of the prepress originals" concluded? If the answer is affirmative, then it is important to know who concluded the contract and what were the contract specifications? Who was the initiator of the contract formation? What was the cost of the abovementioned equipment? How were the contract payments made?

5. Was a supply contract № 6.6 from the 17th of January, 2003, between the firm **"Morris Industrial Corporation Ltd."** (25 Greystone Majer, Lewes, USA) and the limited liability company **"Translis"** (Tomsk, Russian Federation) for the delivery of computer equipment, namely "Hardware-based publishing system for preparation of the prepress originals" concluded? If the answer is affirmative, then it is important to know who concluded the contract and what were the contract specifications? Who was the initiator of the contract formation? What was the cost of the abovementioned equipment? How were the contract payments made?

6. Does the witness know about the formation of the sale Contract № 7 from the 25th of June, 2003, for the sale of the computer equipment, namely "Hardware-based publishing system for preparation of the prepress originals" between the limited liability company **"Translis"** (Tomsk, Russian Federation) and the privately owned enterprise **"Texim"** (fl.20, Peremogy str., 7, Zhytomyr, Ukraine)? If the answer is affirmative, then who concluded the contract and what were the contract specifications? Who was the initiator of the contract formation? What was the cost of

                    the abovementioned equipment? How were the contract payments made?

7. Who made the decision to deliver the equipment "Hardware-based publishing system for preparation of the prepress originals" to Germany?

8. At what price had the firm **"Morris Industrial Corporation Ltd."** (25 Greystone Majer, Lewes, USA) to buy the computer equipment "Hardware-based publishing system for preparation of the prepress originals"?

9. Who delivered (transported) the computer equipment "Hardware-based publishing system for preparation of the prepress originals" to Germany?

10. Were the abovementioned goods delivered to Germany before? If it is "yes", then how many times and when?

11. Is the witness acquainted with the directors of the following companies: the privately owned enterprise **"World-wide centers of interrelations"** (Amurska str., 6, Kyiv); the limited liability company **"Technoexport"** (Pervomajskogo str., 11, Kyiv); the limited liability company **"TD Ukrresource"** (Kalynivka, Brovary district, Kyiv region); the limited liability company **"NVMP Intelsat"** (Povitroflotsky Avenue, 72, Kyiv) and the limited liability company **"Traidwest"** (Shchorsa str., 26, Kyiv)? If the answer is affirmative, please, find out when they got acquainted and what kind of relationships they have now.

12. Were any treaties between the abovementioned companies on sale or resale of the computer equipment "Hardware-based publishing system for preparation of the prepress originals" concluded? If the answer is affirmative, please, find out, between whom, which, when and how many times.

13. Is the witness acquainted with the director of the limited liability company **"Translis"** (Tomsk, Russian Federation), S.V. Bochkaryov and the director of the privately owned

|     | |
| --- | --- |
|     | enterprise "Texim" (fl.20, Peremogy str. 7, Zhytomyr), D.V. Dzhegur? If the answer is affirmative, it is necessary to find out when they got acquainted and what kind of relationships they have now. |
| 14. | Does the witness know the enterprises by means of which the resale of the "Hardware-based publishing system for preparation of the prepress originals" was effected? |
| 15. | What does the witness know about the fact of smuggling of the computer equipment "Hardware-based publishing system for preparation of the prepress originals"? |

If there are any interrogates' documents concerning the supply of the computer equipment "Hardware-based publishing system for preparation of the prepress originals", please, make their copies and enclose them to the application papers.

## THE PROCEDURE OF APPLICATION FULLFILMENT

To hold the hearing of the witness in a proper way and to prepare the results of the interrogation, it is necessary to apply to the corresponding US bodies to perform the following:

1. To start the interrogation with the witness's identification: full name, the present address, date and place of birth.
2. To inform the witness that he\she is uncompellable when the questions are about him\her personally, about members of the family or close relatives. The witness is to be informed, that he\she will be prosecuted for perjury.
3. To put those questions, which are necessary to be answered.
4. On the basis of the obtained information to draw up a protocol of witness's testimony. The following items should be in the protocol: 1)information as for the witness's identification, presented by the witness himself; 2) references that the witness was informed by the representative of the competent US authority about his right not to answer the questions,

concerning him\her personally, members of his/her family and close relatives. At the same time all answers should be true, otherwise he\she subjects to criminal prosecution for refusal to take evidences; 3) the questions and answers to them.

5. Next: 1) to read aloud to the witness the questions and answers which were recorded or; 2) to ask the witness to look through the questions and answers to them recorded in the protocol himself\herself.

6. To specify in the protocol whether the representative of the competent US authority read aloud the questions and answers to the witness or the witness acquainted himself with this information.

7. A person, who took the evidence as a witness, should sign each page of the protocol. After that the protocol is signed by the representative of the competent US authority who examined in chief.

### A PERSON TO DEAL WITH

In case there are any questions as for the application or its fulfillment, please, contact the investigator Myhalchuk Yuriy Petrovych.

*Telephone (in Zhytomyr):*   +38 0412 405287
                              8 067 9825661

Head of the Investigative Department
Of the Security Service of Ukraine in
Zhytomyr region
Colonel of Justice                         V.A. Gromovy.

This is a true translation of the document
Syngayivska A.V.
01.02.2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM THE UKRAINE ) <br> IN THE MATTER OF ) <br> HARDWARE BASED PUBLISHING SYSTEM ) | Misc No. 06- |

ORDER

     Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

     **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

     1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

     2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

       3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

       4. seek such further orders of this Court as may be necessary to execute this request; and

       5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

       IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

       Dated: This _____ day of _____, 2006.


_____
United States District Court Judge